# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DMYTRO GARAZHA,** | : CIVIL ACTION NO. 1:17-CV-999 |
| Plaintiff | : |
| | : (Chief Judge Conner) |
| v. | : |
| | : |
| **TD AMERITRADE, INC.,** | : |
| | : |
| Defendant | : |

## ORDER

AND NOW, this 23rd day of August, 2017, upon consideration of the motion (Doc. 8) for remand by plaintiff Dmytro Garazha ("Garazha"), wherein Garazha avers that the amount in controversy *sub judice* is less than $75,000, precluding federal jurisdiction, (id. at ¶¶ 5-10), which motion is unopposed by defendant TD Ameritrade, Inc. ("TD Ameritrade"), and the court observing that as the party asserting jurisdiction, (Doc. 1), TD Ameritrade bears the burden of proving that the matter is properly before the federal court, see Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)); and that it must establish that the instant matter is between citizens of different states and that the amount in controversy, exclusive of interest and costs, exceeds $75,000, see 28 U.S.C. § 1332(a); and that the parties do not dispute diversity of citizenship, (see Doc. 1 ¶¶ 3-5; Doc. 8 ¶ 4), and the court further observing that a plaintiff cannot destroy jurisdiction after removal by merely stipulating to damages below the jurisdictional threshold, Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993) (citing St. Paul Mercury Indem. Co. v. Red Cab

Co., 303 U.S. 283, 292 (1938)), and that we must evaluate an open-ended claim, such as the one pled herein, by a reasonable reading of the value of the plaintiff's damages, id. at 146 (citations omitted); Rigney v. Felicia, 433 F. Supp. 2d 534, 537 (E.D. Pa. 2006), and that we must remand if we determine that Garazha cannot recover the jurisdictional amount to a "legal certainty," see Frederico, 507 F.3d at 196-99 (citing Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004); Red Cab, 303 U.S. at 586), and mindful that doubts must be resolved in favor of remand, see Samuel-Bassett, 357 F.3d at 403, and the court noting as a threshold matter that the nature of the complaint, and injury alleged therein, does not lend itself to an objective inquiry, see id., and the court further noting that Garazha does not plead specific damages in his complaint beyond suffering "severe distress, embarrassment and humiliation," (Doc. 1-1 ¶¶ 22, 23, 28), and the court concluding that the complaint does not demonstrate, and TD Ameritrade has not shown, that Garazha's damages could exceed the jurisdictional threshold,[1] see Frederico, 507 F.3d at 199, it is hereby ORDERED that:

1. The motion (Doc. 8) to remand is GRANTED.

2. The motion (Doc. 4) to compel arbitration and stay proceedings is DENIED as moot and without prejudice.

---

[1] Garazha stipulates in his briefing that the amount in controversy does not exceed $75,000. (Doc. 9 at 3). The court notes that this stipulation does not contradict the allegations and request for relief in Garazha's complaint. This stipulation itself cannot divest a federal court of jurisdiction once established, see Angus, 989 F.2d at 145, but undergirds our conclusion that jurisdiction does not exist in the first place.

3. The above captioned case is REMANDED to the Court of Common Pleas of Lebanon County, Pennsylvania.

4. The Clerk is directed to CLOSE the above captioned case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania